Carney Frederick SUMMERS, O.D., Plaintiff in Error,

v.

The STATE of Oklahoma ex rel. The BOARD OF EXAMINERS IN OPTOMETRY et al., Defendants in Error.

No. 43278.

Supreme Court of Oklahoma.

July 13, 1971.

Wright, Hines & Klaus, Oklahoma City, for plaintiff in error.

Lee B. Thompson, Cantrell, Douglass, Thompson & Wilson, Oklahoma, City, for defendants in error.

McINERNEY, Justice.

This appeal involves the revocation of a license or certificate to practice optometry. The Board of Examiners in Optometry (Board) revoked the license of Carney Frederick Summers, an optometrist, based on a violation of 59 O.S.1961, § 585, and Article III, § 6, of the rules and regulations of the Board.

It is the position of the Board that Dr. Summers violated 59 O.S.1961, § 585 and Article III, § 6, promulgated under the general delegation of rule-making power conferred on it by 59 O.S.1961, §§ 583, 585, by soliciting business through Lee Optical Company. The order of the Board revoking the certificate of Dr. Summers is stated in these terms.

The basis for a finding of solicitation lay in the testimony of five witnesses sent to Lee Optical pretending to be customers seeking glasses. The witnesses were three employees, a daughter, and a neighbor of four optometrists who dispense optical supplies in connection with their practice. The witnesses were ultimately referred to Dr. Summers by Lee Optical for an eye examination. Dr. Summers is next door to Lee Optical; Dr. Summers does not dispense optical supplies. The prescriptions of the witnesses were then filled by Lee Optical.

The evidence presented on behalf of Dr. Summers discloses: Approximately thirteen optical outlets have referred their customers to Dr. Summers; these referrals comprise 50–60 percent of his practice, with Lee Optical accounting for 15–20 percent; Dr. Summers has no financial arrangement with Lee Optical.

Section 585 delineates the acts which shall be deemed as "unprofessional and unethical conduct" for which the Board is empowered to revoke a certificate to practice optometry. The evidence discloses no violation of any specific act enumerated.

■ We find nothing in § 585, supra, which prohibits an optometrist from receiving referrals from a particular optician on the request of the person seeking glasses. The prohibited acts in § 585 deemed unprofessional and unethical relate to (a) soliciting from house to house; (b) canvassing from house to house; (c) employment of an optometrist by an unlicensed person to engage jointly in practicing optometry; (d) fraudulent advertising; (e) violating rules related to (a) through (f), including sanitation, hygiene and professional surroundings; and (f) practicing optometry under a name other than the name used on his or her license. The record discloses no violation by Dr. Summers of those acts prohibited by 59 O.S.1961, § 585.

■ The Board may not by rule enlarge or expand the legislative definition of unprofessional and unethical conduct by adopting a rule inconsistent with, and not reasonably contemplated by, the express terms of the legislative act. Boydston v. State, Okl., 277 P.2d 138 (1954); Oliver v. Oklahoma Alcoholic Beverage Control Board, Okl., 359 P.2d 183 (1965). The evidence does not support the Board's finding of collusion between Dr. Summers and Lee Optical. People ex rel. Dunbar v. Lee Optical of Denver, Colo., 452 P.2d 21 (1969).

**708**

Article III, § 6, provides:

"No optometrist shall knowingly allow or permit any person engaged in or interested in the sale of optical goods, appliances or materials to solicit business for him."

The language of Article III, § 6, above, is apparently taken from 59 O.S.1961, § 944, which, in its entirety, makes unlawful numerous other acts by an optometrist in dealing with an optician or optical firm. Title 59 O.S.1961, § 946 makes a violation of § 944 a misdemeanor and further directs the prosecuting authority in the county to seek injunctive relief upon a verified complaint. 59 O.S.1961, § 946. Criminal sanction and injunctive relief have not been sought.

The Board promulgated Article III, § 6, under its rule making power contained in 59 O.S.1961, § 583, and in § 585, which provides in paragraph (e):

"The Board shall have the right to promulgate such rules and regulations not inconsistent with statutory provisions as in its opinion may be necessary to put into effect the provisions of *this* Act. Such rules may prescribe what act or acts shall be detrimental to the general public health or welfare and prescribe a minimum standard of sanitation, hygiene and professional surroundings;" (emphasis supplied.)

■ The penalties provided in 59 O.S. 1961, § 946, by the Legislature for soliciting business do not include revocation of the license of an optometrist; the penalties are criminal prosecution and civil injunction. The Board may not, in the guise of a rule, impose a penalty not contained in the statute. The rule attempts to make an act prohibited by § 944 a violation of § 585. Section 585 enumerates the acts which it prohibits, and these acts do not include an act made criminal by § 944. The rule, Article III, § 6, is invalid, Boydston, supra, and may not be made the basis for the revocation of Dr. Summers' license to practice optometry.

Judgment reversed and remanded with directions to vacate the Order of Revocation entered by the Board of Examiners in Optometry.

BERRY, C. J., DAVISON, V. C. J., and WILLIAMS, BLACKBIRD, JACKSON, IRWIN and LAVENDER, JJ., concur.

HODGES, J., dissents.